**UNITED STATES DISTRICT COURT**
**For The**
**District of Vermont**

_____

| | |
|---|---|
| **Donna Browe, the Estate of Beverly** ) | |
| **Burgess, Tyler Burgess, Bonnie** ) | |
| **Jamieson, Philip Jordan, and** ) | |
| **Lucille Launderville,** ) | **Civil Action No. 2:15-cv-267** |
| ) | |
| *Plaintiffs,* ) | |
| ) | |
| v. ) | |
| ) | |
| **CTC Corporation and** ) | |
| **Bruce Laumeister,** ) | |
| ) | |
| *Defendants.* ) | |
| _____ ) | |

**DEFENDANTS' MOTION TO AMEND ANSWER**
**TO ASSERT COUNTERCLAIM**
**AND MEMORANDUM IN SUPPORT**

Defendants CTC Corporation and Bruce Laumeister respectfully move under Fed. R. Civ.

P. 15(a)(2) for leave of this Court to file an amended answer and cross-claim to (1) change

Defendants' answers to the First Amended Complaint to require Plaintiffs to prove that Philip

Jordan and Beverly Burgess were participants in either the 1990 CTC Corporation deferred

compensation plan or the 1997 CTC Corporation deferred compensation plan that are the subject

of Plaintiffs' complaint; and (2) to assert counterclaims against Lucille Launderville for her

participation in the matters alleged in the First Amended Complaint.

**1.      Background**

Plaintiff Lucille Launderville was employed by CTC Corporation beginning in 1980 and

continued her employment with the CTC Corporation until 2008 when she voluntarily left the

employ of CTC Corporation for employment with Plasan North America, Inc.  In or around 1990,

Lucille Launderville became a participant in the 1990 CTC Corporation Deferred Compensation

Plan **(Exhibit A)**, and, in 1997, Lucille Launderville became a participant in the 1997 CTC

Corporation Deferred Compensation Plan (the "1997 Plan" or the "Plan") **(Exhibit B)**. The 1997

Plan, by its terms, amended, superseded, and replaced the 1990 Plan.

During the years of her employment with CTC Corporation, Lucille Launderville

progressed through the management ranks at CTC Corporation with the encouragement and

support of Bruce Laumeister **(Exhibit C)**.  In early 1996, Lucille Launderville was elected

president of Defendant CTC Corporation **(Exhibit D)** and, at the same time, became a director of

CTC Corporation **(Exhibit E, Laumeister Deposition, P. 49, Lines 17-24).**

Section 4 of both the 1990 Plan and the 1997 Plan state as follows:

4. ADMINISTRATION - This Plan shall be administered by the Employer. The Board of Directors of the Employer shall have full power and authority to adopt rules and regulations for the administration of the Plan, and to interpret, alter, amend, and revoke any rules and regulations so adopted. The Board of Directors of the Employer shall administer the Plan. All decisions concerning withdrawal, payment, method of payment, investments of funds, etc, shall be determined by a majority of the Board of Directors. Employee Board of Director members shall not be entitled to make any decision of any kind with respect to their own participation.

Accordingly, as a result of her election as a director of CTC Corporation in 1996, Lucille

Launderville became a plan administrator of the 1990 and 1997 Plans, and served as president

and director of CTC Corporation, and Plan administrator, until she left the employ of CTC

Corporation in 2008.

As established through discovery and depositions of Lucille Launderville and Bruce

Laumeister, during much of the time when the Plan was in effect and, in particular, during the

time when decisions were made and actions were taken by CTC Corporation and the Plan administrators that are complained of by Plaintiffs in their Complaint, those actions and decisions concerning the Plan were participated in and consented to by Lucille Launderville, and were carried out by the Plan administrators and by Lucille Launderville as president of CTC Corporation.  As such, to the extent that there is any merit in Plaintiffs' claims against CTC Corporation and Bruce Laumeister, Lucille Launderville shares legal responsibility and liability with Bruce Laumeister in making the decisions and taking the actions that are complained of by Plaintiffs.

**2.     Facts**

Plaintiffs filed the initial Complaint on December 28, 2015 and the First Amended Complaint on March 30, 2016.  As filed by Plaintiffs, neither the Complaint nor the First Amended Complaint included copies of the 1990 Plan or the 1997 Plan as exhibits.  Although, from the middle through the end of March 2016, Defendants' counsel repeatedly requested copies of the 1990 Plan and the 1997 Plan from Plaintiffs' counsel in order to determine the basis for Plaintiffs' complaints **(Exhibit F)**, Plaintiff's counsel declined to provide copies of either Plan to Defendants' counsel until copies of the plans were provided to Defendants and the Court when Plaintiffs filed their motion for attachment on April 8, 2016.  At that point, Defendants' counsel was in Cuba with no ability to either receive or review the Plan documents or to ascertain the basis on which Plaintiffs were asserting their claims until he returned from Cuba at the end of April.

In early 2014, Bruce Laumeister, acting on information provided to him by Plaintiff Donna Browe, destroyed most of the business records of CTC Corporation for the period prior to

2006, including minutes of a number of the annual meetings of CTC Corporation and other documents establishing Lucille Launderville's position in the corporation as president, director, and Plan administrator **(Exhibit G, Laumeister Deposition, page 93, line 17)**.   Although, based on his knowledge of the organization and operation of CTC Corporation between 1990 and 2008, Bruce Laumeister believed that, if any liability attached to Defendants as a result of Plaintiffs' complaints, Lucille Launderville, as president, director, and Plan administrator should share in such liability, he elected not to assert a counterclaim against Lucille Launderville until sufficient documents and evidence became available to substantiate the claim. Now, through discovery and depositions in this case, sufficient documents have been obtained and statements have been made that, in defendants' view, support a counterclaim against Lucille Launderville.

Documents and testimony developed during discovery established that Lucille Launderville was president of CTC Corporation from early 1996 until 2008 and that Lucille Launderville was a director of CTC Corporation during the times relevant to the matters alleged in the complaint **(Exhibit H)**.  Bruce Laumeister testified that, as president and director of CTC Corporation, Lucille Launderville knew and agreed that, as a result of the downturn in business and cash flow beginning in 2005, CTC Corporation was utilizing funds that had formerly been set aside to pay deferred compensation under the Plan to pay the general business expenses of CTC Corporation, including the salaries of Plaintiffs.  All of these decisions and actions were taken with the participation, knowledge, and concurrence of Lucille Launderville in her capacity as president, director, and Plan administrator.

In summary, the facts developed through interrogatories, document production, and the depositions of Lucille Launderville and Bruce Laumeister establish that Lucille Launderville was

president and a director of CTC Corporation from early 1996 until she left the employ of CTC

Corporation in 2008.  During that time, Lucille Launderville actively participated in and

supported the decisions of the Plan administrators and directors of CTC Corporation with respect

to the accounts established by CTC Corporation to accumulate funds to pay deferred

compensation and, later, to utilize funds previously set aside by CTC Corporation for deferred

compensation to pay the general business expenses of CTC Corporation, including the salaries of

Lucille Launderville and Donna Browe.

Moreover, as Plaintiffs alleged in their Complaint and as Bruce Laumeister testified in his

deposition, Lucille Launderville, as president of CTC Corporation at the time Beverly Burgess

died, advised Bonnie Jamieson, daughter of Beverly Burgess and administratrix of her estate, that

Beverly Burgess' beneficiaries were not entitled to any deferred compensation benefits from CTC

Corporation.  As Bruce Laumeister testified in his deposition, the decision to deny benefits to

Beverly Burgess' beneficiaries was made by Lucille Launderville without notice to, consultation

with, or advice from Bruce Laumeister.

Although Bruce Laumeister maintains that there is no basis for Plaintiffs' claims because

the Plan was a top hat plan, if, and to the extent that, the Court determines that there is merit to

some or all of Plaintiffs' claims, and that Plaintiffs, or any of them, are entitled to compensation

or damages pursuant to any of their claims, Lucille Launderville would be equally liable with

Bruce Laumeister to pay such compensation and damages.

3.      **Legal Standard**

A party seeking to amend a pleading more than "21 days after service of a responsive

pleading" must obtain the written consent of the opposing party or leave of court.  Fed. R. Civ. P.

15(a)(1)(B)-(a)(2).  The Rule states, however, that the court should "freely give" leave to amend where the interests of justice so require particularly where, as here, this motion to amend was filed within the time limits established in the scheduling order approved by the Court on January 25, 2017. [1]  Although leave to amend is at the discretion of the court, "leave to amend should be denied only in the face of undue delay, bad faith, undue prejudice to the nonmovant, futility of amendment, or where the movant has repeatedly failed to cure deficiencies in previous amendments.  . . . . The party opposing a motion for leave to amend has the burden of establishing that granting such leave would be unduly prejudicial." *Travelers Indem. Co. v. Gosline*, 01-CV-794(NAM/RFT), 2003 WL 21230376, at *2–4 (N.D.N.Y. May 27, 2003).

4.      **Argument**

Here, the Court, in its January 25, 2017 Stipulated Discovery Schedule/Order stated that the case will be ready for trial by June 15, 2017.  Although she now dismisses her role as president and director of CTC Corporation as that of a "functionary," she knows, or should have known, that, from 1996 until 2008 she was a director of CTC Corporation. She also knows, or should have known, that according to the terms of the Plan that in which she agreed, in writing, to participate in 1997, she became a Plan administrator when she became a director of CTC Corporation. Accordingly, it may be presumed that plaintiffs knew, at the time they filed the complaint, that Lucille Launderville held those offices and, by the terms of the Plan, was legally responsible for those activities and actions.  Based upon these uncontroverted facts, and defendants desire to have

---

[1] Although the Stipulated Discovery Schedule/Order signed by the court on January 25, 2017 required motions for joinder of parties and amendments to the pleadings to be filed on or before February 15, 2017, plaintiffs' counsel agreed to extend defendants' deadline for filing motions for joinder and amendments to the pleadings until February 21, 2017 (**Exhibit K**).

a substantial basis upon which to make its claims against Lucille Launderville, there can be no bad faith in Defendants' seeking to amend their answer at this time. Defendants' allegations in the counterclaim that Lucille Launderville was president of CTC Corporation, a director of CTC Corporation, and a plan administrator, as supported by the documents produced through discovery and depositions, establish, for purposes of the amendment, a good faith and legally sustainable basis for defendant's counterclaim that states a claim upon which relief could be granted. Finally, defendants are asserting their counterclaim as diligently as reasonably possible following the establishment of the basis of their legal claims upon completion of the initial rounds of pleadings, discovery, and depositions. As previously acknowledged, the Court has stated that the case will be ready for trial by June 15, 2017, and there is ample time for Plaintiffs and Defendants to conduct additional discovery regarding defendants' counterclaim if they believe that is necessary.

**5.     Conclusion**

For the reasons stated above, the motion for leave is timely, is not futile, has been made in good faith, and imposes no undue prejudice or burden on plaintiffs. Defendants respectfully requests that the Court grant its motion for leave to file its First Amended Answer that is attached as **Exhibit I** and in redline showing substantive changes as **Exhibit J**.

Dated at Rutland, Vermont, this 20th day of February, 2017.

/s/A. Jay Kenlan

_____

A. Jay Kenlan, Esq.
25 Washington Street
Rutland, VT 05701
(802) 772-4440
jkenlan@kenlanlawvt.com
Attorney for Defendants

_____
**DEFENDANTS' MOTION TO AMEND ANSWER**
**AND MEMORANDUM IN SUPPORT**
**Page 7 of 7**