U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2017 DEC -1 PM 3: 20

CLERK
BY lAW
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

DONNA BROWE, TYLER BURGESS, )
BONNIE JAMIESON, PHILIP JORDAN, )
LUCILLE LAUNDERVILLE, and )
THE ESTATE OF BEVERLY BURGESS, )
)
Plaintiffs, )
)
v. ) Case No. 2:15-cv-267
)
CTC CORPORATION and )
BRUCE LAUMEISTER, )
)
Defendants. )

**OPINION AND ORDER GRANTING IN PART PLAINTIFFS' MOTION IN LIMINE TO EXCLUDE THE OPINIONS OFFERED BY TIMOTHY VOIGT AND JAMES HERLIHY AND CONDITIONALLY DENYING PLAINTIFFS' MOTION IN LIMINE TO EXCLUDE TESTIMONY FROM ARTHUR WOLFE**
(Docs. 162 & 163)

Plaintiffs Donna Browe, Tyler Burgess, Bonnie Jamieson, Philip Jordan, Lucille Launderville, and the Estate of Beverly Burgess (collectively, "Plaintiffs") bring this action under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001-1191c, against Defendants CTC Corporation ("CTC") and Bruce Laumeister (collectively, "Defendants"). Plaintiffs allege that Defendants failed to adequately fund and wrongfully denied them pension benefits owed under CTC's deferred compensation plan and that Defendants breached various fiduciary duties to them. Defendants counterclaim that Plaintiff Lucille Launderville should be held jointly and severally liable for Plaintiffs' claims and indemnify Defendants for her share of their liability, if any, under ERISA.

Pending before the court are Plaintiffs' motion *in limine* to exclude from trial opinions given by Defendants' experts Timothy Voigt and James Herlihy (Doc. 162) and Plaintiffs' motion *in limine* to exclude from trial testimony from Defendants' expert

Arthur Wolfe (Doc. 163). Plaintiffs filed their motions on October 27, 2017 and October 30, 2017, respectively. Defendants opposed both motions on November 28, 2017 and November 10, 2017, respectively.

John D. Stasny, Esq. and Patrick J. Bernal, Esq. represent Plaintiffs. A. Jay Kenlan, Esq. represents Defendants.

I.  **Factual and Procedural Background.**

   A.  **Defendants' Expert Declarations from Timothy Voigt and James Herlihy.**

Defendants assert that CTC's December 1990 deferred compensation plan (the "1990 Plan"), which was amended and superseded in 1997 (the "1997 Plan") (collectively, the "Plan"), is a "top hat" plan exempt from the vesting, 29 U.S.C. §§ 1051-61, funding, *id.* §§ 1081-86, and fiduciary responsibility, *id.* §§ 1101-14, requirements of ERISA. In support of their position, Defendants disclosed expert witness declarations by Timothy Voigt and James Herlihy on May 20, 2016 and February 16, 2017, respectively. In their expert declarations, Mr. Voigt and Mr. Herlihy opine that both the 1990 and 1997 Plans are "non-qualified 'Top-Hat' plans, exempt from the reporting and disclosure, participation and vesting, funding, and fiduciary responsibility applicable to qualified ERISA plans." (Doc. 162-1 at 11, ¶ 15); (Doc. 162-2 at 9, ¶ 12.) Mr. Herlihy bases his opinion on his "regular and extensive experience with legal advisors in the area of non-qualified plan and 409(A) compliance" (Doc. 162-1 at 6, ¶ 7), whereas Mr. Voigt bases his opinion on his "regular and extensive experience with IRS and Dept. of Labor regulatory requirements[.]" (Doc. 162-2 at 6, ¶ 7.) Neither witness claims to have personally drafted a "top hat" plan.

   B.  **Defendants' Disclosure of Expert Arthur Wolfe.**

On May 19, 2016, Plaintiffs disclosed Richard Heaps as an expert economist. Accompanying Plaintiffs' disclosure was a report prepared by Mr. Heaps in which he calculated and estimated the funding and fund growth provisions of the Plan as of May 11, 2016. Mr. Heaps was qualified as an expert and testified during the court's May 23, 2016 writ of attachment hearing. According to the parties' Stipulated Discovery Order,

2

the deadline for deposing Plaintiffs' expert witnesses was August 11, 2017. Defendants did not depose Mr. Heaps.

Pursuant to the Stipulated Discovery Order, Defendants were required to disclose their expert reports on or before July 14, 2017, with depositions of Defendants' expert witnesses completed by August 11, 2017. On September 12, 2017, the court held a pre-trial conference in which the parties stated that they were trial-ready. Defendant did not disclose an intention to call an additional expert witness. The court scheduled a bench trial beginning on December 6, 2017.

Pursuant to Fed. R. Civ. P. 26(e), on October 10, 2017, Plaintiffs supplemented their expert disclosure of Mr. Heaps. The disclosure included a revised report from Mr. Heaps, which updated his estimates of the Plan's fund values as of September 18, 2017. Plaintiffs allege, and Defendants do not dispute, that "[t]he only material difference between the [initial and revised] reports" is that the revised report updates the calculations, "given the passage of time between the May 2016 hearing and the anticipated trial date of December 2017." (Doc. 163 at 3.)

On October 20, 2017, Defendants provided a list of witnesses and exhibits which, for the first time, identified economist Arthur Wolfe as an expert witness that Defendants may call at trial to rebut the testimony of Mr. Heaps. After Plaintiffs moved to exclude Mr. Wolfe on October 30, 3017, Defendants disclosed an expert report for him on November 10, 2017.

## II. Conclusions of Law and Analysis.

### A. Whether Certain Opinions of James Herlihy and Timothy Voigt Should be Excluded.

Plaintiffs move to exclude the opinions of Timothy Voigt and James Herlihy that the Plan is a "top hat" plan because those opinions express impermissible legal conclusions that invade the role of the court. Plaintiffs further seek exclusion of their opinions regarding how the evidence should be interpreted, contending such opinions invade the role of the finder-of-fact. In opposing the motion, Defendants argue that their expert witnesses' opinions will not instruct the court on how to decide the case, but will

3

assist the court in understanding whether the Plans meets ERISA's "top hat" requirements.

The Second Circuit "requir[es] exclusion of expert testimony that expresses a legal conclusion." *Hygh v. Jacobs*, 961 F.2d 359, 363 (2d Cir. 1992); *see also Densberger v. United Techs. Corp.*, 297 F.3d 66, 74 (2d Cir. 2002) ("It is a well-established rule in this Circuit that experts are not permitted to present testimony in the form of legal conclusions.") (internal quotation marks omitted). For this reason, an expert witness is prohibited from offering his or her opinion "as to the legal obligations of the parties under the contract." *Marx & Co., Inc. v. Diners' Club, Inc.*, 550 F.2d 505, 508 (2d Cir. 1977).

In their expert declarations, Mr. Herlihy and Mr. Voigt opine that both the 1990 and 1997 Plans are "non-qualified 'Top-Hat' plans, exempt from the reporting and disclosure, participation and vesting, funding, and fiduciary responsibility applicable to qualified ERISA plans." (Doc. 162-1 at 11, ¶ 15); (Doc. 162-2 at 9, ¶ 12.) Whether the Plan is a "top hat" plan requires a contractual interpretation and a determination regarding the Plan's legal effect. *See Demery v. Extebank Deferred Comp. Plan (B)*, 216 F.3d 283, 286-87 (2d Cir. 2000) (stating that courts determine whether a plan is a "top hat plan" based on whether the plan was (1) "unfunded" and (2) "maintained by an employer primarily for the purpose of providing deferred compensation for a select group of management or highly compensated employees.") (internal quotation marks omitted). In an ERISA bench trial, both questions must be resolved by the judge and cannot be delegated to an expert witness. *See Burkhart v. Washington Metro. Area Transit Auth.*, 112 F.3d 1207, 1213 (D.C. Cir. 1997) ("Each courtroom comes equipped with a 'legal expert,' called a judge, and it is his or her province alone to instruct . . . on the relevant legal standards."). To the extent, Mr. Herlihy and Mr. Voigt opine that the Plans are "top hat" plans under ERISA, those opinions are EXCLUDED.

Similarly, expert opinions that advise the court how to view the evidence in a bench trial are inadmissible because they "encroach[] on [the] exclusive province of the [finder of fact][.]" *Media Sport & Arts s.r.l. v. Kinney Shoe Corp.*, 1999 WL 946354,

4

at *3 (S.D.N.Y. Oct. 19, 1999) (ruling inadmissible expert testimony "not based on personal knowledge, but instead on [the expert's] review of documents and depositions produced by the parties" and noting that expert "testimony may not take the place of the individuals who actually negotiated the deal."); *see also Hygh*, 961 F.2d at 363 ("Under [Fed. R. Evid.] 701 and 702, opinions must be helpful to the trier of fact, and Rule 403 provides for exclusion of evidence which wastes time. These provisions afford ample assurances against the admission of opinions which would merely tell the [fact-finder] what result to reach[.]") (emphasis omitted). Accordingly, to the extent Mr. Herlihy and Mr. Voigt seek to advise the court how to interpret and weigh the evidence, those opinions are EXCLUDED.

For the reasons stated above, the court GRANTS IN PART Plaintiffs' *motion in limine* to exclude the legal opinions of Mr. Herlihy and Mr. Voigt (Doc. 162) insofar as they opine that the Plan is a "top hat" plan under ERISA and insofar as they seek to advise the court how to interpret the pleadings and deposition testimony in this case. Other testimony by these timely disclosed experts is not excluded provided it is consistent with this ruling.

**B.     Whether Expert Testimony from Arthur Wolfe Should be Excluded.**

Plaintiffs move to exclude the expert testimony of Arthur Wolfe because Defendants disclosed him as a testifying expert witness on October 20, 2017, three months after the discovery deadline for submitting expert reports. Defendants respond that Mr. Wolfe's disclosure was within the thirty-day window for disclosure of a rebuttal expert witness to Plaintiffs' expert Richard Heaps, whose supplemental disclosure was served on October 10, 2017.

Fed. R. Civ. P. 26(a)(2) provides the requirements for disclosing expert testimony and states that "[a] party must make these disclosures at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D). "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information . . . at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

5

Defendants contend that Mr. Wolfe's testimony will contradict or rebut Mr. Heaps's October 10, 2017 supplemental disclosure. Asserting their disclosure is timely, they rely on Fed. R. Civ. P. 26(a)(2)(D)(ii), which provides that "[a]bsent a stipulation or a court order" disclosure of evidence "intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C)" must be provided "within 30 days after the other party's disclosure." Because the thirty-day window only applies for expert disclosures made under Rules 26(a)(2)(B) or (C), not supplemental disclosures under Rule 26(e), Defendants reliance on Fed. R. Civ. P. (a)(2)(D)(ii) is misplaced.

More importantly, Defendants' assumption that Mr. Wolfe's opinion is a mere rebuttal opinion is incorrect. Not every opinion that is responsive in some way to an expert opinion offered by the opposing party constitutes "rebuttal." *See Allen v. Dairy Farmers of Am.*, 2013 WL 6909953, at *8 (D.Vt. Dec. 31, 2013) (noting that a party cannot use a "rebuttal" report to offer a new opinion or one that "fundamentally chang[es] a key aspect" of a previously disclosed opinion); *see also Pride v. BIC Corp.*, 218 F.3d 566, 578-79 (6th Cir. 2000) (concluding that the trial court properly refused to allow rebuttal reports that constituted a "transparent attempt" to redress weaknesses identified in the original expert report) (internal quotation marks omitted); *Jorgenson Forge Corp. v. Consarc Corp.*, 2002 WL 34363668, at *1 (W.D. Wash. Jan. 9, 2002) (excluding rebuttal opinions that went "well beyond the scope of the Plaintiff's expert reports and introduce[d] new opinions"). Here, although Mr. Wolfe's opinion purports to rebut Plaintiffs' expert witness's damages computation, according to Plaintiffs, it actually offers new and untimely opinions regarding how those calculations should be made. As such, Mr. Wolfe's opinions are not merely rebuttal. The court therefore turns to whether his untimely opinion should be excluded.

The Federal Rules of Civil Procedure allow a court to impose sanctions if a party "fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1)(C). Such sanctions may include "striking pleadings in whole or in part[.]" *Id.* at 37(b)(2)(A)(iii). The Second Circuit has opined that the filing of an "expert report seven weeks late

6

without first seeking the court's permission" was "not a transgression warranting the striking of plaintiff's expert report" when the party making such late filing "did not seek an unfair advantage over the adversary in the litigation[.]" *World Wide Polymers, Inc. v. Shinkong Synthetic Fibers Corp.*, 694 F.3d 155, 160 (2d Cir. 2012). In so ruling, the Second Circuit observed:

> We understand the district court's frustration with the lackadaisical manner in which this case was litigated. However, the district court failed to provide any analysis as to why the first sanction meted out was one of the most severe sanctions possible, and the record before us presents no plausible explanation. When an attorney's misconduct or failing does not involve an attempt to place the other side at an unfair disadvantage, any sanction should ordinarily be directed against the attorney rather than the party, absent strong justification. While we do not doubt that a sanction is appropriate, the facts before us suggest that sanctions should be imposed on the attorney, and not bar [the noncomplying party] from a full presentation of its case.

*Id.* (internal citation omitted).

In this case, it is not clear whether inadvertence, neglect, a misunderstanding of the role of a rebuttal witness, or the desire to obtain an unfair advantage underpin the late disclosure of Mr. Wolfe as an expert witness. Assuming that Defendants have acted in good faith, the court considers whether a sanction short of exclusion is appropriate. In the Second Circuit, the court's analysis is guided by the *Outley* factors:

> (1) the party's explanation for the failure to comply with the discovery order; (2) the importance of the testimony of the precluded witness; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance.

*Softel, Inc. v. Dragon Med. & Scientific Commc'ns, Inc.*, 118 F.3d 955, 961 (2d Cir. 1997) (quoting *Outley v. City of New York*, 837 F.2d 587, 590-91 (2d Cir. 1988)).

Under the first *Outley* factor, Defendants have not adequately explained their failure to comply with the Stipulated Discovery Order. Although the Order required Defendants to submit expert witness reports on or before July 14, 2017, Defendants first identified Arthur Wolfe as a testifying expert witness on October 20, 2017 and provided

7

his expert report only after Plaintiffs' *motion in limine* was filed. By any calculation, this disclosure was untimely.

Defendants do not dispute that Mr. Heaps's supplemental disclosure merely updated his estimates of the fund values of the Plan as of September 18, 2017. As Mr. Heaps's original report was disclosed in May 2016, Defendants had over a year to disclose an expert witness to rebut Mr. Heaps's expert witness report. Not only did they fail to do so, they failed to advise the court or opposing counsel that they planned to do so at the court's pretrial conference. The first *Outley* factor thus weighs in favor of excluding Mr. Wolfe's testimony.

In contrast, the second *Outley* factor favors Defendants. In their motion, Plaintiffs concede that Mr. Wolfe's report is likely to be important to Defendants' case as it challenges Plaintiffs' "fundamental basis for calculating damages." (Doc. 163 at 5.) Without Mr. Wolfe's testimony, Plaintiffs' damages calculation is essentially uncontroverted. Courts are reluctant to exclude relevant evidence if it is essential to a party's case. *See, e.g., Zerega Ave. Realty Corp. v. Hornbeck Offshore Transp., LLC*, 571 F.3d 206, 213 (2d Cir. 2009) (finding the trial court abused its discretion in excluding expert opinion for noncompliance with a pretrial order where, among other things, "the testimony of [the excluded expert] was critical to Hornbeck's defense on the issue of causation."); *Scientific Components Corp. v. Sirenza Microdevices, Inc.*, 2008 WL 4911440, at *4 (E.D.N.Y. Nov. 13, 2008) (denying a motion to strike and explaining that the rebuttal report was "important to plaintiff's case"); *Lab Crafters, Inc. v. Flow Safe, Inc.*, 2007 WL 7034303, at *7 (E.D.N.Y. Oct. 26, 2007) (noting that because the expert testimony was of "grave importance to defendant's case[,]" it "warrant[ed] admission under this factor of the test"). The second *Outley* factor favors Defendants.

"The third *Outley* factor is the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony." *Softel, Inc.*, 118 F.3d at 962. The Second Circuit has observed that where the new testimony is in the form of a new expert witness opinion, the potential for prejudice is real. *Id.* ("Here, the excluded testimony *was* expert testimony. Moreover, the parameters of the dispute in a highly technical case

8

such as this are largely defined by expert testimony. . . . Because [the opposing party] would have been forced, at a very late date in the discovery process, to accommodate potentially significant shifts in the theories being offered against it, this factor cuts in favor of [the opposing party]."); *see also Shea v. Royal Enters. Inc.*, 2011 WL 2436709, at *8 (S.D.N.Y. June 16, 2011) ("Given the numerous extensions of the discovery deadline, the further delay of this two-year-old litigation is neither deserved nor warranted, and the additional costs such delay would impose on Defendants amounts to real prejudice."); *Lore v. City of Syracuse*, 2005 WL 3095506, at *4 (N.D.N.Y. Nov. 17, 2005) ("The touchstone for determining whether to exclude an untimely expert report is whether the party opposing [its] admission is prejudiced."); *ABB Air Preheater, Inc. v. Regenerative Envt'l Equip. Co.*, 167 F.R.D. 668, 672 (D.N.J. 1996) ("[T]he pivotal issue is whether admission of the evidence will result in incurable prejudice to the resisting party.").

The third *Outley* factor favors Plaintiffs because the late disclosure of an expert witness will cause them prejudice that cannot be easily redressed on the eve of trial. *See Design Strategy, Inc. v. Davis*, 469 F.3d 284, 297 (2d Cir. 2006) (finding disclosure of an expert witness after discovery was closed was prejudicial because it was made with "only a short time left before trial.") (internal quotation marks omitted). If the court allows Mr. Wolfe's testimony, Plaintiffs will incur additional time and expense deposing Mr. Wolfe, preparing their own expert to respond, and potentially raising a challenge to Mr. Wolfe's expert testimony under *Daubert v. Merrell Dow Pharm, Inc.*, 509 U.S. 579 (1993) and its progeny. While Defendants offered to make Mr. Wolfe available for deposition, they have not offered to reimburse Plaintiffs' costs in taking it. Even if such costs were born by Plaintiffs, Defendants' late disclosure would still impose on Plaintiffs an avoidable burden days before trial. The third *Outley* factor thus favors Plaintiffs.

The fourth *Outley* factor asks whether a continuance is possible. Although this matter has been set for some time on contiguous dates at the parties' joint request, a continuance remains available because, in a bench trial, the court may take fact witness testimony on the dates slated for trial and defer expert witness testimony to a later date

after Mr. Wolfe has been deposed. Prejudice from the introduction of an untimely expert witness report is commonly addressed by allowing the other party an opportunity to depose the expert. *See RMED Int'l, Inc. v. Sloan's Supermarkets, Inc.*, 2002 WL 31780188, at \*4 (S.D.N.Y. Dec. 11, 2002) ("[A]ny prejudice is easily cured by allowing plaintiff to depose [the expert] if [it] so desire[s]."); *Virgin Enters. Ltd. v. Am. Longevity*, 2001 WL 34314729, at \*2 (S.D.N.Y. Mar. 1, 2001) (noting that "any prejudice will be remedied by the deposition of [the expert]"); *Lab Crafters, Inc.*, 2007 WL 7034303, at \*8 ("Courts to address this issue have stated that any prejudice to the opposing party can be alleviated by allowing them to depose the expert prior to trial."). Indeed, some Circuit Courts of Appeals have gone so far as to hold that exclusion of expert testimony produced in violation of a discovery order is not appropriate where the party seeking exclusion "made no attempt to cure the alleged surprise or prejudice . . . by requesting to depose the witness . . . or by seeking a continuance." *Berroyer v. Hertz*, 672 F.2d 334, 338-39 (3d Cir. 1982); *see also K.M.C. Co., Inc. v. Irving Trust Co.*, 757 F.2d 752, 766 (6th Cir. 1985) (denying a request to exclude testimony when the party seeking exclusion "could have requested a continuance if it needed additional time to prepare a response to [the] testimony, but it did not do so").

In the instant case, Plaintiffs are not required to accept Defendants' offer to depose Mr. Wolfe on the eve of trial and after filing their *motion in limine*. This conclusion is underscored by the absence of Defendants' offer to bear the costs of preparing for and taking that untimely deposition. As a result, although a continuance is reasonably available, the court finds that the fourth *Outley* factor is in equipoise.

On balance, the *Outley* factors weigh slightly in favor of granting Plaintiffs' motion to exclude because Defendants' non-compliance with the court's Stipulated Discovery Order was neither "substantially justified" nor "harmless[.]" Fed. R. Civ. P. 37(c). However, because this is a bench trial not a jury trial, the court can afford the parties greater flexibility in the presentation of their evidence. Such flexibility would comport with fundamental fairness and would further the adjudication of disputes on the merits. *See Scientific Components*, 2008 WL 4911440, at \*4 ("[p]recluding testimony of

10

an expert, even when there has not been strict compliance with Rule 26, may at times tend to frustrate the Federal Rules' overarching objective of doing substantial justice to litigants.") (quoting *Wechsler v. Hunt Health Sys., Ltd.*, 381 F. Supp. 2d 135, 155 (S.D.N.Y. 2003)); *see also RMED Int'l, Inc.*, 2002 WL 31780188, at *3 (noting that "[e]xclusion of expert testimony is a 'drastic remedy[,]'" the court denied plaintiff's motion to exclude an expert report, "[r]egardless of whether the new report is supplemental or rebuttal").

For the foregoing reasons, the court CONDITIONALLY DENIES Plaintiffs' motion to exclude expert testimony of Arthur Wolfe. (Doc. 163.) If Defendants seek to present Arthur Wolfe as an expert witness, Defendants must pay the costs of Plaintiffs' preparation for and taking of his deposition. The court will then schedule all expert witness testimony for a later date. Defendants' responsibility for preparation costs for Mr. Wolfe's deposition shall not exceed two hours of preparation time for every hour of deposition time. Defendants shall also pay for and provide Plaintiffs with a transcript of the Wolfe deposition and Plaintiffs may supplement the Heaps expert witness disclosure in response to Mr. Wolfe's opinions. Defendants shall notify Plaintiffs and the court by December 5, 2017 if they seek to call Mr. Wolfe as a witness at trial in accordance with this Order.

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion *in limine* to exclude the legal opinions of Timothy Voigt and James Herlihy (Doc. 162) is GRANTED IN PART and Plaintiffs' motion *in limine* to exclude the testimony of Arthur Wolfe (Doc. 163) is CONDITIONALLY DENIED.

SO ORDERED.

Dated at Burlington, in the District of Vermont, this 1st day of December, 2017.

Christina Reiss, Chief Judge
United States District Court Judge

11